No. 4032.
First Circuit.

HOWARD v. FACIANE.

(March 2, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on questions of fact is amended only where clearly erroneous.

2. **Louisiana Digest—Obligations—Par. 7.**
In view of Articles 1800, 1809, 1901, et seq., and 1945 of the Civil Code, after an offer has been accepted, it consti-tutes an agreement which has the effect of law between the parties.

Appeal from the Twenty-sixth Judicial Court, Parish of St. Tammany, Hon. P. B. Carter, Judge.

Action by Austin Howard against one Onesime Faciane for the price of an automobile and exemplary damages.

There was judgment for plaintiff in part and defendant appealed.

Judgment amended and affirmed.

S. W. Provensal of New Orleans, attorney for plaintiff, appellee.

ELLIOTT, J. Austin Howard alleges that an employee of Onesimo Faciane came to his place and without his knowledge or consent, but with the full knowledge and authority of Onesime Faciane, took plaintiff's automobile. That plaintiff found it in the possession of Faciane and demanded it back. That Faciane informed him that he had sold the car, and wanted to give plaintiff credit on the price of another car which he sought to sell to the plaintiff. That plaintiff declined to do this and demanded the return of his automobile, which Faciane refused. That Faciane finally offered to return the automobile, provided plaintiff would pay approximately $17.00 expended by defendant in repairing the car; which plaintiff declined to do and brought suit for the price of the car, alleging that it is worth $300.00. He also claims $500.00 as exemplary damages, etc.

The defendant denies all of plaintiff's allegations, and prays that his demand he rejected.

The defendant appeals from a judgment in favor of the plaintiff for $300.00.

The preponderance of the evidence received without objection, until so such had been received that there was no use to object, shows that plaintiff's allegations about the unauthorized taking of his automobile by defendant are unfounded.

Defendant's salesman sent to plaintiff's residence and got his automobile for the purpose of selling it, pursuant to an agreement with plaintiff to that effect; and the price received for plaintiff's car was to be applied as part payment in the purchase of a new car.

A party who has entered into an agreement can change his mind and make it known to the other before he has accepted. If he does this there is no agreement. C. C., Arts. 1800 and 1809.

In this case the preponderance of the evidence shows that plaintiff did not notify defendant that he had changed his mind until after defendant had accepted and negotiated a sale of plaintiff's automobile, and had expended on it approximately $25.00 for necessary repairs, in order that the sale might be made.

An agreement legally entered into has the effect of a law between the parties. C. C., 1901-1945. But defendant does not allege the agreement, nor pray for any judgment, except that plaintiff's demand be rejected. Still the evidence received without objection can not be ignored, and defendant can not have plaintiff's automobile and the price, too. The automobile can not be restored; but the price can be turned over to the plaintiff. The evidence shows that defendant first sold the car for $300.00 He then got it back and tendered it to the plaintiff, with the proviso that plaintiff pay him the sum expended for repairing it, in order to effect the sale. The plaintiff refused to do this, claiming that defendant had used it and worn out the tires, etc. But if plaintiff gets the price, he is not entitled to pay for the use of the car nor for the tires and equipment; such things went with the car when defendant sold it, and the first sale was made very soon after it had been received for the purpose. In the negotiation defendant, although he says he had expended more, announced to the plaintiff his willingness to receive $16.00 in full settlement of the sum he had expended for repairs. The price which defendant received in the first sale is the price he should pay and account for to the plaintiff. Defendant, however, practically speaking, did not receive $300.00 net; he received that sum; but he had expended say $25.00, although willing to settle for $16.00, and, as the sum expended was an expense necessary to enable defendant to effect the sale, we think the sum which defendant must pay to the plaintiff is $300.00, less $16.00. Plaintiff's claim for punitive and exemplary damages has no foundation on which to rest. The District Judge properly appreciated the evidence and rendered judgment in favor of the plaintiff against the defendant for $300.00, but he overlooked the fact that defendant did not receive that sum for the car, net, but less the sum he had expended for repairs necessary to enable him to sell it at that price, and defendant was willing in negotiating with plaintiff to take $16.00 in full settlement of the sum he had expended on that account, although he had really expended a greater sum; we will allow that sum as a credit.

For the above reasons the judgment appealed from will be amended. The amount to be paid by the defendant to the plaintiff is fixed at $300.00, less $16.00, and as thus amended the judgment appealed from is affirmed. The cost of the appeal to be paid by the plaintiff, the cost in the lower court by defendant.